FILED
JAMES J. VILT, JR. - CLERK

FEB 25 2026

U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

3:26CV-135-JHM

# UNITED STATES DISTRICT COURT

## for the Western District of Kentucky

| | |
|---|---|
| Todd | Jefferson County Kentucky |
| v. | District Court |
| Willis | |

25-H-001482-001

## NOTICE OF REMOVAL

TO: The Judges of the United States District Court for the Western District of Kentucky and to all parties and their attorneys of record:

1. Parties and State Court Action

The above-captioned matter is a fraudulent due process violating guardianship petition case originally filed in the Jefferson County State

Court, Case Number 25-H-001482 on _____ but the respondent did not receive a copy of the petition or know what was in it until Feb. 10, 2026 only after the respondent demanded a copy of the petition from the court.

2. Basis for removal

Because **Latonya Todd, a state social worker, filed her petition based on false allegations, the petition should be considered fraudulent** and a **violation of due process 14th amendment rights**. The guardianship petition is also considered a fraud on the Court because it includes:

fabricated evidence, fraudulent filing, and failure to notify which

would potentially violate the respondent's due process 14th Amendment rights.* See AI response.

* AI states: " Filing a petition for guardianship based on false accusations could potentially violate the 14th Amendment rights under the Due Process Clause. The clause guarantees that no person shall be deprived of life, liberty, or property without due process of law. This means that the process must be fair and just, and the grounds for the deprivation must be clearly established. If the accusations are deemed false, it could lead to a violation of due process rights, as the individual would not have had the opportunity to defend themselves or the grounds for the deprivation."

Also there has been <u>misconduct by a state prosecutor</u> which has been another <u>violation of due process 14th amendment, equal protection, rights</u>. The prosecutor's misconduct has put the <u>respondent in danger of being harmed physically</u>. See following:

2

**Michael Schay the state prosecutor has ban Ms. Willis from refiling a** protective order against Gerry Brown, a drug dealer, to stop him from coming near her apartment. Also Ms. Willis was told that Brown was one of the instigators who contacted adult protective services to file a guardianship proceeding against Ms. Willis. This guardianship proceeding is indeed malicious and needs to be removed from what appears to be <u>a corrupt state court because of the prosecutor's misconduct and influence over the court. A guardianship could limit Ms. Willis' rights. Please be aware that Ms. Willis who was a school teacher is competent. See attached letter from Dr. Nicolas Bonomo M.D.</u>

Dr. Bonomo gave Ms. Willis the Montreal Cognitive Assessment to assess competency and cognitive status. Dr. Bonomo stated, "Ms. Willis scored very well a 29/30." He further stated, "...I do **not** think she qualifies for guardianship."

Because of violation of 42 U.S.C. 1983. Misconduct by a state prosecutor. See whole addendum in particular the last paragraph.

Removal is proper under 28 U.S.C. 1331, 1332, and 1441 because a federal law was violated that is the <u>Respondent's 14th Amendment due process rights have been denied</u>. (see attached **Motion to Dismiss**) Also the Petitioner, a social worker from Adult Protective Services, has made blatantly <u>false</u> and inflammatory allegations in the petition. The social worker abused her state appointed position as a social worker from the Commonwealth of Kentucky. She took advantage of a false and incorrect medical diagnosis and egregiously lied by stating that the respondent could not care for her finances. When in fact the

respondent has never had any problems with her finances. She has never over drawn. Her bills are always paid on time. See attached bank statements which verify no financial problems. Ms. Willis' bank statements are also in court file.

**Again because Latonya Todd, a state social worker, filed her petition based on false allegations the petition should be considered fraudulent. and a violation of due process 14th amendment rights.**

<u>Also the state judge wrongly denied the respondent a state appointed attorney saying that appointing an attorney was only for criminal cases. But that is not true</u>. *note that Ms. Willis did have a state appointed attorney but she was seldom in her office or talking to another client. Ms. Willis called the attorney's office over 35 times but only spoke to the attorney for about 5 minutes. The attorney has prepared no adequate defense.

\*    Should the state court appoint an attorney to the respondent in a guardianship petition case? See AI response.

 AI states:   " In a guardianship petition case, the state court is required to appoint an attorney for the respondent if they are unable to afford an attorney,  if the expense would result in substantial hardship, or if they lack practical access to funds. This ensures that the respondent's rights and interests are adequately protected and represented. The attorney's role includes making reasonable efforts to ascertain the respondent's wishes and advocating for those wishes to the extent reasonably ascertainable."

4

3. Timeliness

The notice of removal is filed within 30 days of receipt by the Respondent of Petition for Guardianship which was not until Feb. 10, 2026. as required by 28 U.S.C. 1446(b).

4. State Court Documents

A copy of all process, pleadings and orders served upon the removing party in the state court action is attached hereto as Exhibit A.

5. Venue

Venue is proper in this Court under 28 U.S.C. 1441(a) because the state court action is pending within the geographic boundaries of this District.

6. Notice to State Court

A copy of this Notice of Removal will be promptly filed with the Clerk of the Jefferson County Kentucky State Court and served on all adverse partied, as required by 28 U.S.C. 1446

WHEREFORE, the undersigned respectfully removes this action from the Jefferson County District Court to the United States District Court for the Western District of Kentucky.

Dated:

Respectfully submitted,

Margaret Ann Willis

3700 W. Wheatmore Dr. Louisville, Kentucky 40215

I also ask the Federal District Court to postpone trial set for Feb. 26, 2026 because Ms. Willis' attorney has prepared **no** defense for Ms. Willis.

## ADDENDUM

Ms. Willis also includes the following as grounds for removal from state to federal court. As stated in the attached document, **Motion to Dismiss,** her 14th Amendment rights have been egregiously denied or violated because of a lack of proper service. Ms. Willis did not receive a copy of the petition until Feb. 10, 2026 long after the petition was initiated by Latonya Todd in the state court. <u>Ms. Willis had no way of defending herself because she did not have a copy of the petition and thus had no way of knowing the allegations against her. Ms. Willis had to demand a copy of the Petition from the State Court. Also the state court would not allow Ms. Willis access to the court file which she had a right to see which is an outrage</u>.

Another violation of her 14th Amendment rights is a lack of sufficient legal counsel. Her court appointed attorney has not been available (Ms. Willis called her over 35 times but the attorney was not in her office or with another client and not available to talk) and thus the attorney has prepared no defense for her client, Ms. Willis. Ms. Willis asked the court for new counsel which was denied at a court hearing. Ms Willis voiced disappointment at the judge's denial and was asked to leave the hearing.

Ms. Willis was **denied her 14th Amendment right to attend the hearing. Thus her right to contest the petition at the hearing** and **her right to confront and cross examine witnesses was denied because she was not allowed to stay at the hearing or have an adequate attorney confront or cross examine witnesses for her.** Also her right to present evidence and witnesses was denied because she had no attorney to subpoena witnesses. Also her right to present alternatives such as a POA was denied because of a lack of attorney to help her with the POA . Her right to discovery such as knowing allegations and <u>who initiated the malicious petition</u> and challenge the petitioners evidence was denied because of a lack of a sufficient attorney.

**The state court has utterly failed in its obligation to protect the respondent's due process rights by not providing an adequate court appointed attorney and by denying proper service and not allowing the respondent access to her court file. <u>The state court's lack of fundamental fairness is Manifest Injustice</u>.** But there is even worse state court activity that smacks of <u>public corruption which places the respondent in danger</u> and warrants immediate intervention by a federal court.

As stated in the attached *motion to dismiss petition* Ms. Willis was involved in a lawsuit that involved exposure to carbon monoxide from improperly vented gas dryers and a gas flue that should have vented above the roof line of a 10 story building which was the apartment building that she lived in. The flue which was placed about 6 feet from the building, vented between the second and third floor of the building causing flue gases to leak into windows above the flue. Ms. Willis breathed the fumes from between 2012 and 2015 became ill from the flue gases and possibly from improperly vented gas dryers in the

7

building basement. She bought a carbon monoxide meter, a Sensorcon meter, which stared alarming a minute or so after it was turned on in her apartment. Ms. Willis immediately got out of the building.

During the time she breathed the flue gases 2012 to 2015 she developed tremors. It is stated throughout medical literature that carbon monoxide exposure can cause tremors. For a lawsuit, an expert witness is needed to present that medical literature. Ms. Willis had paid a carbon monoxide expert $1,200 dollars to write an affidavit presenting the literature making the causal connection between tremors and carbon monoxide exposure. But the expert did not write what he had agreed to write and charged $1,200 dollars for his deceit. Ms. Willis suspected that the expert had been bought off (bribed) by the opposing side and stated that in her appeal brief. The case had been wrongly dismissed because of the expert's action.

Ms. Willis had stated that there may be sufficient evidence to prove that the expert was paid off by the opposing side. But in fact Ms. Willis did not have sufficient evidence to prove that the expert was bought off by the opposing side. But the opposing side did not know that. (Some criminals use chemicals or toxin to disable people making it easier to commit crime against them. Exposing someone repeatedly to toxin causes so much stress that they would not be able to gather evidence against them. That is what has been done to Ms. Willis) Ever since then Ms. Willis has been harassed. Again and again noxious or toxic chemicals have been put or sprayed around her apartment door. See attached doctors diagnosis of toxin exposure from Jewish Hospital. She has had to go to the hospital again and again to air out from toxic exposure. Some ER doctors are knowledgeable about toxic exposure like the doctors at Jewish Hospital ER. See attached doctor's

statement from Jewish Hospital stating Ms. Willis' diagnosis as "**exposure to toxin**".

Other ER doctors are not knowledgeable and misinterpret the symptoms as delusional which has been very harmful to Ms. Willis. That would explain what Dr. Khan has seen in medical records.

To corroborate the above statements see Margaret A. Willis v. Christian Care Communities.

Latonya Todd has also wrongly and dishonestly used misdiagnosis in medical records probably from Nortins hospital in her Petition for Guardianship. Her allegation of delusional is not based on truth but on misdiagnosis. Just as her false allegation that Ms. Willis mismanages her finances. Ms. Willis' bank statements prove that there is no mismanagement in Ms. Willis' finances. Also see attached letter from Dr. Nicolas Bonomo M. D. Dr. Bonomo gave Ms. Willis the Montreal Cognitive Assessment to assess competency and cognitive status. Dr. Bonomo stated, "Ms. Willis scored very well a 29/30." He further stated, "...I do not think she qualifies for guardianship."

As stated above Ms. Willis started being harassed with toxic exposure after it was stated in her appeal brief that there may be sufficient evidence that her expert witness was bought off. But in fact there was not sufficient evidence to prove bribery but the opposing side did not know that.

On several occasions Ms. Willis had seen a resident named Gery Brown, a drug dealer, standing or walking by her door. On more than one occasion Gery Brown has pulled his shirt up hiding his face. On one

9

particular occasion Ms. Willis has seen through the door peephole Brown walk by her door and then heard a spraying sound. Shortly after the spraying sound Ms. Willis became ill from some toxic exposure and had to go to the hospital.

**Schay the state prosecutor has ban Ms. Willis from refiling a protective order against Brown to stop him from coming near her apartment. Also Ms. Willis was told that Brown was one of the instigators who contacted adult protective services to file a guardianship proceeding against Ms. Willis. This guardianship proceeding is indeed malicious and needs to be removed from what appears to be a corrupt state court. A guardianship could limit Ms Willis' rights.**

Therefore I (Margaret Willis) respectfully ask the District Federal Court to mercifully intervene by allowing this case to be removed from state to federal court. I am in danger and very frightened. Again and again very noxious chemicals have been placed around my apartment door which has made me very ill. I have had to go to the hospital numerous times. I have called the police many times but they have been no help.                            I have asked them to please get a search warrant and search Gery Brown's apartment. Brown, who is a drug dealer, lives down the hall from me. I have seen him with a pump spray bottle more than once. He has also verbally threatened to hurt me. I did file to get a restraining order on him, but it has done no good. (See restraining order attached to this notice of removal.)                    The police do nothing. They have never gotten a search warrant. They just sneer and leave me a card with a number on it. Their failure to act wreaks of public corruption. The harassment of putting very noxious chemicals around my door

started when circumstances in my past law suit strongly indicated that bribery had occurred. It now appears that it still occurring to different people involved in this case.

As stated above, I am in danger and very frightened. A malicious guardianship would take my rights and place me in greater danger. I realize that a guardianship petition is not a federal issue. But it is a federal issue when the state denies equal protection of the law and due process (ie prosecutor misconduct that bars a respondent from refiling for a restring order against someone who has threatened them and who maliciously instigated the guardianship petition)

It is a federal issue when the state (ie a state social worker files a guardianship petition based on false allegations) which is indeed considered fraudulent and a violation of due process 14th Amendment rights. Also See federal rule 11.

It is a federal issue (violation of due process) when the state ie state clerk will not allow the respondent in a guardianship case to see the court file for the case.

It is a federal issue when a respondent in a guardianship petition case is not served the petition or does not have a sufficient attorney. Please read attached Motion to Dismiss Petition which states violations of due process and the 14th amendment due process rights in this case.

Also see attached documents. I fear that my 14th amendment due process rights will be violated in the Jefferson County Kentucky state courts. Please hear this case in Federal court.

Margaret Ann Willis

2/25/2026

*Margaret A. Willis* (signature)

2/25/2026

12