**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT LOUISVILLE**
**CIVIL ACTION NO. 3:26CV-135-JHM**

COMMONWEALTH OF KENTUCKY *et al.*                             PETITIONERS

v.

MARGARET ANN WILLIS                                            RESPONDENT

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on a notice of removal filed by Respondent Margaret Ann Willis proceeding *pro se* (DN 1). For the reasons stated herein, the Court will remand the action to the Jefferson District Court.

Respondent also filed an application to proceed without the prepayment of the filing fee. However, because this case will be remanded to state court, **IT IS ORDERED** that the application (DN 3) is **DENIED as moot**.

**I.**

This action originated in Jefferson District Court as a Petition to Determine if Disabled filed by Petitioner Commonwealth of Kentucky[1] against Respondent pursuant to Ky. Rev. Stat. § 387.500. Respondent filed a *pro se* notice of removal arguing that the petition violates the Due Process Clause of the Fourteenth Amendment. Respondent states that social worker Todd "has made blatantly false and inflammatory allegations in the petition"; "abused her state appointed position as a social worker from the Commonwealth of Kentucky"; and "took advantage of a false and incorrect medical diagnosis and egregiously lied by stating that the respondent could not care for her finances." She also states that "the state judge wrongly denied the respondent a state

---

[1] In her notice of removal, Respondent lists Petitioner as Latonya Todd, whom she identifies as a state social worker. The petition shows that the Petitioner is actually the Commonwealth.

appointed attorney saying that appointing an attorney was only for criminal cases." Respondent also states that she had a state-appointed attorney but that the attorney "has prepared no adequate defense."

## II.

Federal courts are under an independent obligation to examine their own jurisdiction. *United States v. Hays*, 515 U.S. 737, 742 (1995). Rule 12(h)(3) of the Federal Rules of Civil Procedure provides that, if a court "determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

Section 1441 of Title 28 of the United States Code provides that "any civil action brought in a State court **of which the district courts of the United States have original jurisdiction**, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a) (emphasis added). Therefore, a civil action may be removed from a state court only when the district court has original jurisdiction over the state court action.

A federal district court may have jurisdiction over such a case in one of two ways. First, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. This statute confers on the federal district courts what is known as "federal-question jurisdiction." Second, pursuant to 28 U.S.C. § 1332, diversity jurisdiction arises when the matter is between citizens of different states and the amount in controversy exceeds $75,000. If a matter over which this Court lacks subject-matter jurisdiction is removed to this Court, "the case shall be remanded[,]" and the "State court may thereupon proceed with such case." 28 U.S.C. § 1447(c).

The party seeking to remove an action to federal court has the burden of establishing that the district court has original jurisdiction. *Long v. Bando Mfg. of Am., Inc.*, 201 F.3d 754, 757 (6th Cir. 2000); *Conrad v. Robinson*, 871 F.2d 612, 614 (6th Cir. 1989). Removal statutes should be narrowly construed because federal courts are courts of limited jurisdiction and because removal of a case raises significant federalism concerns. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941); *Palkow v. CSX Transp., Inc.*, 431 F.3d 543, 555 (6th Cir. 2005). The Sixth Circuit Court of Appeals follows a policy that "[a]ll doubts as to the propriety of removal are resolved in favor of remand." *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999) (citation omitted).

In order to determine whether the case arises under federal law, a court looks only at the plaintiff's well-pleaded complaint. *Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 10 (1983); *see also Gentek Bldg. Prods., Inc. v. Steel Peel Litig. Tr.*, 491 F.3d 320, 325 (6th Cir. 2007). "If the complaint relies only on state law, the district court generally lacks subject-matter jurisdiction, and the action is not removable. This makes the plaintiff the master of the complaint; the plaintiff may simply avoid federal jurisdiction by relying exclusively on state law." *Gentek Bldg. Prods., Inc.*, 491 F.3d at 325 (citations omitted). Generally, a state law claim cannot be re-characterized as a federal claim for the purpose of removal. *Loftis v. United Parcel Serv., Inc.*, 342 F.3d 509, 515 (6th Cir. 2003). Similarly, a case may not be removed to federal court on the basis of a federal defense, even when both parties concede that the federal defense is the only real question at issue. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987). Nor can a federal counterclaim raised by a defendant confer federal jurisdiction. *Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831 (2002). Simply put, a defendant or respondent has

3

no inherent right to a federal forum for adjudication of federal rights absent exclusive federal jurisdiction. *Franchise Tax Bd.*, 463 U.S. at 10.

The petition filed in Jefferson District Court is brought pursuant to Kentucky statute and raises no federal constitutional or statutory provisions. Although Respondent argues that the petition violates her Fourteenth Amendment right to due process, the argument is a defense, which is not a basis for removal to federal court. *See Caterpillar Inc.*, 482 U.S. at 393. Therefore, this Court lacks federal-question jurisdiction over the matter. Moreover, Respondent cannot establish diversity jurisdiction under 28 U.S.C. § 1332 because there is no diversity of citizenship among Petitioners and Respondent.

## III.

For the foregoing reasons, the Court will dismiss the notice of removal and summarily remand the action to the Jefferson District Court pursuant to 28 U.S.C. § 1447(c) by separate Order of Remand.

Date:    April 2, 2026

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc:    Respondent Willis, *pro se*
       Counsel of record
       Jefferson District Court
4414.010

4